UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA BRUMLEY,<br><br>       Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No.: 1:11-cv-00253- LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 24) |

Sengthiene Bosavanh, attorney for Plaintiff Anita Brumley, seeks an award for attorney's fees and costs pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 24). The Commissioner of Social Security ("Defendant") opposes the motion, asserting Defendant's position was substantially justified and Plaintiff seeks an excessive amount of fees. (Doc. 25). For the following reasons, the Court recommends the motion be **GRANTED IN PART**.

**I.    Factual and Procedural History**

Plaintiff initiated this action on February 14, 2011, seeking review of an administrative decision denying benefits. (Doc. 1). The Court determined the ALJ failed to identify clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility, and recommendations the matter be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on June 20, 2012. (Doc. 20). The recommendation was adopted on July 70, 2012 (Doc. 22), and judgment was entered in favor of Plaintiff (Doc. 23).

Following the entry of judgment, Plaintiff filed a timely application for EAJA fees on October 29, 2012. (Doc. 24). Defendant filed an opposition to the motion on November 30, 2012. (Doc. 25). Plaintiff did not file a reply.

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-37. A finding of the number of hours reasonably expended is a matter of the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

## III.    Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 22 at 4). Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an award of EAJA

1 fees, but argues the position of the Commissioner was substantially justified and the fees requested are
2 excessive. (Doc. 25).

        **A.     Defendant's position was not substantially justified.**

4         The burden of proof that the position was substantially justified rests on the government.
5 *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613,
6 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree
7 that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition,
8 "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v.*
9 *Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

10         Establishing that a position was substantially justified is a two-step process. 28 U.S.C. §
11 2412(d)(2)(D). First, Defendant must show "the action or failure to act by the agency" was
12 substantially justified. *Id.* Second, Defendant must demonstrate the position taken in the civil action
13 was substantially justified. *Id.* The Court must find the government had a substantial justification as
14 to both inquiries to deny fees. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). "A finding that an
15 agency's position was substantially justified when the agency's position was based on violations of the
16 Constitution, federal statute, or the agency's own regulations, constitutes an abuse of discretion."
17 *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

18         The ALJ discussed Plaintiff's daily activities and the medical evidence when evaluating the
19 credibility of Plaintiff's subjective complaints. AR at 15. The Court found Plaintiff's daily activities
20 did not support the credibility determination because, "the ALJ failed to establish Plaintiff's limited
21 activities could be transferred to a work setting, or point to evidence that Plaintiff spent a "substantial"
22 part of her day engaged in such activities. (Doc. 20 at 10) (citing *Orn v. Astrue*, 495 F.3d 625, 639
23 (9th Cir. 2007); *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001); *Blau v. Astrue*, 263 Fed. App'x 635,
24 637 (9th Cir. 2008). Further, although the ALJ purported to discount Plaintiff's credibility due to
25 conflicts with the medical record, he failed to identify specific evidence that conflicted with Plaintiff's
26 testimony. (Doc. 20 at 10-11). However, even if the ALJ had met this burden, the Court noted the
27 medical record alone was not a clear and convincing reason to reject Plaintiff's testimony. *Id.*; *see*
28 *also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 96-7p, 1996 SSR LEXIS 4, at *2-3.

Consequently, the case was remanded for the ALJ's failure to evaluate Plaintiff's credibility in a proper manner. (Docs. 20, 22).

Defendant asserts the Commissioner was substantially justified in defending the decision of the ALJ. (Doc. 25 at 3-4). According to Defendant, "it was reasonable for the Commissioner . . . to defend that decision before this Court." *Id.* at 4. Defendant contends the ALJ cited medical evidence that supports the credibility determination, and found the daily "activities undermined Plaintiff's claim that she could not work." *Id.* However, the medical evidence cited by Defendant was not referenced by the ALJ in his credibility findings. Further, the ALJ failed to comply with established Ninth Circuit precedent that requires "a specific finding" that the daily activities "are transferable to a work setting." *See Orn*, 495 F.3d at 639 (the ALJ erred in failing to find the claimant activities "meet the threshold for transferable work skills, the second ground for using daily activities in credibility determinations"). Because the credibility evaluation failed to comply with standards set forth by the Regulations and Ninth Circuit precedent, defense of the decision was not reasonable and the position was not substantially justified. *Sampson*, 103 F.3d at 921.

### B. Plaintiff's fee request must be modified.

Defendant argues that the fee award should be reduced "because the attorney fees requested are excessive." (Doc. 25 at 4). Defendant notes, "Attorney Bosavanh, who served as a reviewing attorney in this case, asserts more hours than Attorney Chhagan, who reviewed the record and drafted the briefs . . ." *Id.* at 5. Accordingly, Defendant requests the Court reduce the amount to "appropriately reflect[] Attorney Bosavanh's reviewing role in the matter." *Id.* Importantly, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### 1. Duplicative tasks

Victoria Chhagan is "a contract attorney who assisted Attorneys Milam and Bosavah with the representation of Plaintiff during the proceedings in this matter." (Doc. 24-3 at 1). Recently, this Court reviewed the arrangements between Ms. Bosavanh and attorneys with whom she contracts to work on Social Security cases. The Court determined, "The Government should not be forced to pay increased fees simply because Ms. Bosavanh has decided to employee another attorney to actually

4

write the briefs." *Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 76983, at *16 (E.D. Cal. July 21, 2011). Time spent performing duplicative work should not be compensated." *Id.* Nevertheless, "There are certain instances . . . where some overlap is warranted, i.e., in reviewing certain documents to assess the merits of the federal court action." *Id.*

Ms. Bosavanh, as counsel of record, had an obligation to familiarize herself with the facts and merits of the action, and it was necessary for Ms. Bosavanh to review some documents related to the administrative decision and preparation of the court action. Likewise, it was appropriate for Ms. Bosavanh to review documents prepared by Ms. Chhagan prior to filing given her responsibility to the Court under Rule 11. *See VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356, at *21-22 (E.D. Cal. July 14, 2011). Although review of the documents prepared by Mr. Chhagan is duplicative in nature, this Court has allowed 0.5 hour for each document.[1] *See, e.g, Stairs v. Astrue*, 2011 U.S. Dist. LEXIS 79691, at *7 (E.D. Cal. July 21, 2011) (decreasing time for reviewing the confidential letter brief from 1.0 to 0.5 hour and the amount requested for review and filing of the opening brief and reply brief from 1.9 hours to 1.0 total); *Fontana v. Astrue*, 2011 U.S. Dist. LEXIS 79666, at *11 (E.D. Cal. July 21, 2011) (allowing 0.5 hour for reviewing the confidential letter brief, though the time sheet indicated 1.1 hours were spent on review); *VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356, at *21-22 (observing the Court has "allowed .5 hours per document" reviewed). Therefore, the Court recommends Plaintiff's request for fees for the review and filing of documents including the confidential letter brief, the opening brief, and the reply brief prepared by Ms. Chhagan be reduced from a total of 5.8 hours to 1.5 hours.

Further, Ms. Bosavanh's review of the contents of the transcript is duplicative because Ms. Chhagan was employed to draft documents on behalf of Plaintiff and must have made this review when preparing the pleadings. (Doc. 34-3); *see Stairs*, 2011 U.S. Dist. LEXIS 79691, at *5-6 (E.D. Cal. July 21, 2011) (finding that fees are "not warranted" for receiving and checking the contents of

---

[1] Ms. Bosavanh asserts she spent some time editing the opening brief and reply brief when reviewing the documents. (Doc. 24-2 at 2-3). However, Ms. Bosavanh fails to identify the duration of time spent editing the documents, and rather presents the time in a "block" format. As the Ninth Circuit explained, "block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Accordingly, the Ninth Circuit has explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

the transcript). Accordingly, the 1.0 hour Ms. Bosavanh spent to "[r]eview [the] transcript and check for entirety of its contents" should not be compensated. Likewise, the 0.3 hour spent by Ms. Chhagan to review Defendant's objections to the Findings and Recommendations and the entry of judgment is duplicative work, and should not be compensated.

### 2. "Preparation" of service documents

Ms. Bosavanh reports she spent 1.0 hour to "[p]repare and finalize documents to be served to three govt defendants." (Doc. 24-2 at 2). Although Ms. Bosavanh does not explain what documents she prepared for service, the documents authorized for service were the complaint, the summons prepared by the Court, and the Court's order granting Plaintiff's motion to proceed in forma pauperis. (*See* Docs. 5-6). Thus, Ms. Bosavanh's "preparation" would include only printing the documents, which were served by Ruby Gonzalez. (Doc. 9). This clerical work is "not typically compensable under the EAJA." *Em v. Astrue*, 2012 U.S. Dist. LEXIS 28011, at *12 (E.D. Cal. Mar. 2, 2012).

### 3. Excessive time reported on small and routine tasks

Notably, Ms. Bosavanh reports excessive time to review a number of documents routinely filed in Social Security actions. Previously, this Court explained, "Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total." *Green v. Astrue*, 2012 U.S. Dist. LEXIS 51768, at *8 (E.D. Cal. Apr. 12, 2012).

Review of the documents referenced by Ms. Bosavanh reveals a majority are single-page documents or standard forms with which a practitioner such as Ms. Bosavanh, who is familiar with Social Security appeals in this Court, should require "no more than two to three minutes" to review. *See Green,* 2012 U.S. Dist. LEXIS 51768, at *8. For example, Ms. Bosavanh's records indicate she took six minutes to review Defendant's consent, a single-page form. (Doc. 13); *see also Calderon v. Astrue*, 2010 U.S. Dist. LEXIS 117761, at *14-15 (E.D. Cal. Oct. 22, 2010) (observing the magistrate judge consent form is a "simple, check-the-box type form[]"). In addition, Ms. Bosavanh seeks time for review of notices and orders issued by the Court that are remarkably brief—in some instances a single sentence—and would not take six minutes to review. (*See, e.g.,* Clerk's Notice of Assignment

1  [Doc. 12] and the Court's Acknowledgment of Receipt of Administrative Transcript). Thus, the Court
2  recommends the time spent in review of the notices and receipts be reduced from 0.6 hour to 0.3 hour.
3       Ms. Bosavanh asserts she spent 0.2 hour on the receipt and review of judgment in favor of
4  Plaintiff issued on July 30, 2012. (Doc. 24-2 at 3). Again, this time appears excessive because the
5  judgment was a single-page document issued by the Clerk of the Court. (*See* Doc. 23). Accordingly,
6  the Court recommends the time spent in review of the judgments issued be reduced to 0.1 hour. *See*
7  *Green*, 2012 U.S. Dist. LEXIS 51768, at *10 (reducing the time spent reviewing the Court's judgment
8  from 0.5 hour to 0.1 hour).
9                  4.     Time in conjunction with the EAJA fee application
10      Ms. Bosavanh seeks 2.5 hours for preparation of "EAJA time record and EAJA fee proposal
11 documents." (Doc. 24-2 at 4). Previously, this Court observed that "repeated rulings" on Ms.
12 Bosavanh's applications for EAJA fees "have revealed the similar nature of the[] EAJA petitions and
13 billing statements." *Lopez v. Astrue*, 2012 U.S. Dist. LEXIS 78680, at *14 (E.D. Cal. June 6, 2012).
14 Consequently, the Court has awarded 1.5 hours for her work related to the filing of an EAJA motion.
15 *See, e.g., id.*; *Fontana*, 2011 U.S. Dist. LEXIS 79666 (allowing 1.5 hours for preparation of the time
16 sheet and motion). Therefore, the Court recommends a reduction to 1.5 hours for tasks related to the
17 EAJA motion.
18                 5.     Costs
19      Plaintiff seeks an award of $41.26 for expenses incurred during the action. (Doc. 24-1 at 1).
20 She has provided an expense report that demonstrates this amount is reasonable. Accordingly, the
21 Court recommends the request be granted pursuant to 28 USC § 2412(d)(3).
22 **IV.    Findings and Recommendations**
23      As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA.
24 However, as discussed above, the time request does not appear reasonable given the duplicative and
25 routine nature of many tasks. With the reductions set forth above, Plaintiff is entitled to an award of
26 fees for **26.8** hours of work, including 10.4 hours for Ms. Bosavanh and 16.4 hours for Ms. Chhagan.
27 Specifically, Ms. Bosavanh should be compensated for 7.1 hours in 2011 and 3.3 hours in 2012, and
28 Ms. Chhagan should be compensated for 15.9 hours in 2011 and 0.5 hour in 2012. Thus, Plaintiff is

7

entitled to an award of $4,851.75.[2]  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this fee award is payable to the plaintiff and not the attorneys who worked on the matter.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's request for attorney's fees be **GRANTED** in the modified amount of $4,851.75;
2. Plaintiff's request for expenses in the amount of $41.26 be **GRANTED**.
3. This amount be paid to Plaintiff Anita Brumley.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the Objections shall be filed and served within fourteen days of the date of service of the Objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 7, 2013**                        **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours completed in 2011 ($180.59 per hour), and 2012 ($183.73 per hour).  *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited January 4, 2013).