UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA BRUMLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 1:11-cv-00253- LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 28) |

Sengthiene Bosavanh, counsel for Plaintiff Anita Brumley, seeks an award for attorney's fees and costs pursuant to 42 U.S.C. § 406(b). (Doc. 28). Plaintiff has not opposed the motion. Defendant filed a response, asserting the Commissioner "has no objection to this fee request." (Doc. 29 at 1). For the following reasons, the Court recommends the motion for attorney fees be **GRANTED**.

## I.   Factual and Procedural History

Plaintiff initiated this action on February 14, 2011, seeking review of an administrative decision denying benefits. (Doc. 1). The Court determined the ALJ failed to properly reject Plaintiff's credibility, and the matter was remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on July 30, 2012. (Docs. 20, 22). Following the entry of judgment, the Court awarded EAJA fees in the amount of $4,893.01. (Docs. 26, 27).

On April 12, 2013, an ALJ issued a partially favorable decision, finding Plaintiff was disabled beginning February 25, 2007. (Doc. 28-2).

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).  A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits.  *Id.* at 807.

## III.    Discussion and Analysis

Plaintiff and Counsel entered into a contingent fee agreement, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits.  (Doc. 28, Exh. 1).  Pursuant to the terms of the contract, Counsel seeks fees in the amount of $14,263.90.  (Doc. 28 at 4).

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits.  Counsel accepted the risk of loss in the representation and spent 34.8 hours on the case.[1]  (Doc. 28 at 3).  As a result of the work by Ms.

---

[1] Although Counsel asserts this time was reasonable, previously the Court determined time expended by Ms. Bosavanh and Ms. Chhagan on this action was excessive, and some actions were duplicative in nature.  Accordingly, their time was reduced to 28.2 hours of work on the motion for EAJA fees.  (Doc. 26 at 8).

Bosavanh and Ms. Chhagan, the matter was remanded to an administrative law judge who reconsidered the case and found Plaintiff was entitled to an award of benefits. For this, Counsel requests a fee of $14,263.90 under the fee contract, because Plaintiff expects to receive $57,055.90 in retroactive benefits. (Doc. 26 at 3). Because the Commissioner paid $4,851.75 the EAJA, the net cost to Plaintiff is $9,412.15. *Id.* at 6.

Notably, although served with the motion and informed a response may be filed (Doc. 28 at 2), Plaintiff did not file an opposition, and thereby indicates her belief that the fee request is reasonable.

**IV.     Findings and Recommendations**

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $14,263.90 be **GRANTED**;
2. The Commissioner be **DIRECTED** to pay the amount directly to Counsel; and
3. Counsel be **DIRECTED** to refund $4,851.75 to Plaintiff Anita Brumley.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 8, 2013**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE